7/17/2017

By Certified Mail

The Honorable Judge Denis R. Hurley
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: United States V. Timothy M. Laskaris
    Criminal Docket No. 11-CR-00364(DRH)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 24 2017 ★
LONG ISLAND OFFICE

RECEIVED
JUL 24 2017
EDNY PRO SE OFFICE

Dear Judge Hurley,

   I respectfully submit this letter-motion in response to the Government's response to my initial Section 2255 petition. I ask that you review my response with careful intent. In as much as I bring these issues before you in a pro se fashion, I believe these arguments to have merit. Furthermore, I am requesting that a resentencing take place to assure that justice is served by virtue of a hearing. This will be evident as Your Honor reviews the following content of this document.

   First, the Government claims that no appeal was attempted. As this is true, I cannot be held persoanlly responsible for my attorney of record not doing as I wished, as I requested in a timely fashion that my attorney preserve my appeal rights by formal notice. He did not do as I wished, barring me from such appeal.

   Second, does waiving the right to appeal by virtue of plea, then give one's attorney the right to ignore important documents that were discussed and executed? One waives his rights to appeal long before sentencing; this appeal waiver should not give one's attorney the right to be ineffective and not represent my best interests. An appeal waiver was in fact signed with a reasonable presumption that my Defense Attorney would represent me properly, do his job as bound by legal and ethical standards, and accurately present important plea agreement information. This did not occur.

   Third, I am not challenging the conviction nor am I claiming any innocence. I am challenging the 180 months imposed, where as an executed document assured me of 120 months.

   Finally Your Honor, as you review what is to follow, I hope you realize the merits of my arguemts. No harm can come from granting a necessary resentencing, most especially is justice is truly served. May I additionally request that if a resentencing is granted, a federal public defender be assigned to me so that all concerns are properly addressed and presented before this court. Thank You!

Respectfully,

*Timothy M. Laskaris*

Timothy M. Laskaris #79229053
LSCI Allenwood Low
PO Box 1000
White Deer, PA 17887

CC: File

The government contends that my motion is untimely.

Section 2255 empowers a court to 'vacate, set aside or correct' a sentence that was imposed in violation of the Constitution or the laws of The United States. Traditionally, such a motion has been a vehicle for raising collateral attack on a conviction and is usually a motion that advances it's specific arguments under the broader umbrella of ineffective assistance of counsel.

To establish a violation of a movants sixth amendement rights to effective assistance of counsel, one must establish both a defecient performance by counsel and prejudice. **Strickland V. Washington**, 466 US 668, 104 S.CT. 2052 2d (1984). That guarantee is violated and requires relief if counsel's performance was unreasonable under prevailing professional norms, and there is a 'reasonable probability that, but for counsel's unprofessional errors, the results may have been different.' ID 687-91, 694. The right to effective assistance of counsel extends to counsel's performance relating to the plea process and prejudice may result from deficient performance leading to a decision not to plead guilty. See **United States V. Day**, 969 F.2d 39, 42-45 (3d Cir. 1992).

The first part of the Strickland Standard is an objective one. A movant must plead and prove that counsel's performance fell below a standard of unreasonableness under prevailing Constitutional standards. A reviewing court is deferential and there is a presumption that counsel's performance fell within the range of reasonable professional assistance. The second part of the Strickland Standard is a subjective one. It looks to the totality of the circumstances to determine whether or not a counsel's performance actually had an adverse effect on the defense. This is not a theoretical or speculative test but looks to the impact of counsel's deficient performance to determine prejudice, IE whether it is more probable than not that the outcome would have been different at trial. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The Strickland standard is a high one, **Kimmelman V. Morrison**, 477 US 365, 106 S.CT. 2574, 91 L. Ed. 2d 305 (1986), **United States V. Mayfield**, 2012 WL 664806 (D.N.J. 2. 29/12).

Generally claims not raised on direct appeal may not be raised on collateral review unless the movant shows cause and prejudice under **Massaro V. United States** (2003). An ineffective assistance of counsel claim is properly brought in the first instance under section 2255, **United States V. DeRewal**, 10F. 3d 100, (3rd Cir. 1993). A movant must sustain his contention by a preponderance of the evidence under **Wright V. United States** (1980).

A court is to grant an evidentiary hearing when the files and records in the

in the case are inconclusive as to whether or not the movant is entitled to relief, see United States V. Tolliver, 800 F. 3d 138 (3rd Cir. 2015).

In a claim of ineffective assistance of counsel at sentencing, a movant must show that counsel's deficiencies at sentencing created reasonable probability that but for counsel's ineffectiveness, the sentence would have likely been lower, Glover V. United States, 531 US 198, 121 S.CT. 696, 148 L.Ed. 2d 604 (2001). The court in Glover explained that there is no distinguishing line by which to determine how much greater a sentence has to be to determine if there was substantial prejudice. The court in Glover indicated that any increase in sentence due to counsel's ineffectiveness could constitute a substantial increase for purposes of determining prejudice under the Strickland standard.

The motive in movant's motion is not untimely nor improper as supported by the government, in that it is movants desire to see justice served; in as much as it is delayed.

Please find attached a copy of a letter presented to movant. This letter is dated April 12, 2012 and was presented to movant by his attorney. I, the movant, would have wanted to accept a plea deal more favorable than the sentence I ultimately received.

In the context of plea offers, to establish prejudice, a petitioner must show a reasonable probability that but for counsel's faulty advice, or blatant oversight, the petitioner would have agreed to a plea deal carrying a more favorable sentence than the one imposed by the court.

At this point, I beg the court's understanding as follows. I met with my attorney, I was given a copy of this letter of which I have made a part of this petition, I reviewed it, and having been informed that I could face more than 10 years, if not executed, I executed **his** copy. As this letter notes, count two carries a 10 year mandatory minimum. I was in agreement to a 10 year mandatory minimum sentence. I never saw this document again and presumed it would be the basisi for the court's decision. Only recently have I been able to locate it, after all this time, and believe that as newly discovered evidence would deem, this letter is reason for reconsideration. In the past, I attempted to retrieve a copy of the executed copy from my attorney, to no avail. Understand Your Honor, while an institutional shake-down of everyone's property was taking place, the officer who went through my property took my legal documents apart page by page. It was because of this shake-down that this plea letter surfaced in one of my many envelopes. Upon reading this letter, I realized that this was a copy of the letter put in front of me by my attorney that guaranteed a 10 year

sentence. At this point, I began the 2255 process.

When newly discovered evidence is the basis for reconsideration, a proponet must demonstrate that the newly discovered evidence was neither in my possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered. Understand this was my first time before a court and I reasonably relied on my attorney to bring forward the executed copy/document.

This letter would have affected a jury's decision if it were submitted at a trial. United States V. Garcia, 2003 US District SDNY 2003. (Citing United States V. White, 972 F 2d 16, 20-21 (2d Cir, 1992). Once again, "...but for his counsel's plain errors, there exists a reasonable probability that the result below would have been different." Nosov V. US 526 Fed. Appx 127, 2013 (2d Cir 2013) (Citing Strickland V. Washington, 466 US 668, 687, 694, 104 S. CT. 2052, 80 L. ED. 2d 674 (1984).
See the continuity.

I executed the attached document, now captioned as exhibit A. This then lead to the creation of the plea agreement, prepared in October 2013. Please see the copy of page (1) of this agreement, paragraph 1b - notes: minimum term of imprisonment:10 years; consistent with the executed plea letter; executed and put into my attorney's care. On July 15, 2014, the pre-sentencing investigation report was prepared and presented to the court. Again, consistent with the plea agreement; The US Probation Office's recommendation was: 10 years custody (statutory minimum), and 10 years supervised release. As is quoted in the plea agreement letter dated April 12, 2012, "Such a disposition would satisfy any charges pending in this district.."

I beg the court understand that I only recently came upon this plea agreement letter dated April 12, 2012. If I had located it any sooner, as my attorney should have assisted me, this petition would have been filed sooner as well. I beg, let's not ignore the obvious. A key factor in determining the credibility of a habeus corpus petitioner's ineffective assistance of counsel claims is the disparity between the plea deal (See letter dated April 2012) that he would have been offered, and the sentence that he in fact faced if convicted.

Granted, due diligence is required in seeking to vacate a sentence, yet can be delayed by counsel's ineffectiveness. It was left to me to re-discover a letter offering much less time than imposed. Where the government notes that my attorney's not having told me that the crime I plead guilty to is violent is not in and of itself a miscarriage of justice, my attorney not having presented an

executed document where I agreed tupon a 10 year mandatory minimum sentence, is. This letter represents facts existing at the time of the decision, and is admissible and probably effective to change the result of the former ruling. This letter, had it been properly introduced, would have changed the sentencing time imposed; the outcome.

The issue of appeal waiver, while are generally enforceable, may be escaped by the defendant by claiming ineffective assistance of counsel.. Parisis V. United States, 529 F. 3d 134, 138 (2d Cir 2008). This exception is rooted in notions of fairness - an appeal waiver which is not the product of counsel's ineffectiveness, should not be used to block a claim for relief based on the very ineffectiveness, United States V. Hernandez, 242 F. 3d 110, 114 (2d Cir 2001.). An ineffective assistance of counsel claim survives a guilty plea of an appeal waiver only where the claim concerns the advice the defendant received from counsel. Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the know and voluntary nature of the defendant's plea decision with the attorney's conduct, <u>does.</u> Petitioner claims that his appeal waiver did not encompass the challenge to the severity of the sentence, where that sentence was harsh and excessive; pointing once again to the plea letter dated April 12, 2012, which shaped the plea agreement; the probation department's reccomendation. If counsel was constitutionally ineffective, it would likely negate the knowing and voluntary predicate mandated for appellate waiver. Not having presented a key part of the plea process, the April 2012 letter, which shaped the plea agreement, where the probation department agreed on the 10 years in custody, most definately constitutes the right of being represented fairly, as guaranteed by the constitution.

As for being procedurally barred, petitioner made a free and intelligent choice to plead guilty, which was shaped by the April 12, 2012 letter, the plea agreement as well as the probation offices recommendation. Petitioner plead guilty to count 2 of the indictment which carried, as once again couched in 'the letter,' a 10 year mandatory minimum. This letter was executed. Petitioner chose not to go to trial based on all that preceded the sentencing stage. Is it not reasonable for the petitioner to have presumed a 10 year mandatory minimum sentence based on the executed agreements? A constitutional error did in fact occur where petitioner was not afforded effective counsel. Where an "error of law or fact that constitutes a fundamental defect which inherently results in

a complete miscarriage of justice" occurs, relief under 2255 is available. Cuoco V. United States, 208 F. 3d 27, 30(2d Cir 2000) (citing United States V. Bokun, 73 F. 3d 8,12 (2d Cir 1995). All points considered, petitioner believes the preponderance of the evidence has been met. Napoli V. United States(1995).

Petitioner's claims are with merit. The documents presented demonstrate petitioner's understanding that by pleading guilty, as agreed upon, and reiterated throughout other documents, petitioner rightly understood that he would receive a 10 year mandatory minimum sentence. The presentation of this 'letter' would have been of significant benefit to this court, particularly as it points out that a majority of similarly situated defendants received a 10 year mandatory minimum sentence. It was agreed upon by the office of Loretta E. Lynch, former United States Attorney, the 10 years would have been sufficient for all required purposes. This central tenet has been carried forward after the landmark case Booker V. United States (2005).

A failure to investigate and introduce evidence in mitigation has frequently been held to constitute ineffective assistance of counsel, Schiro V. Landrigan, 127 S. CT. 1933, 167 L. Ed. 2d 836 (2007).

I would like for the government to provide the evidence to prove that after agreeing to a 10 year sentence being sufficient, why they were entitled to the 15 year sentence imposed. Was there proof, Your Honor, that would have justified a decision to increase the already agreed upon sentence from 10 to 15 years? I agreed to 10 years, as a result of my waiving my right to trail. Additionally, was there evidence submitted to the Judge that justified an additional 5 years for violence when this notion or concern was never mentioned in the plea letter?

Justice would be served by a resentencing. Furthermore, errors would be rectified in the granting of this resentencing, which the petitioner prays the court will grant.

Respectfully Submitted,
Timothy M. Laskaris #79229-053
LSCI Allenwood Low
Po Box 1000
White Deer, PA 17887

I certify that a copy of this document was mailed via first class mail to:

CC: Bridget M. Rhode
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, NY 11722

File



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

April 12, 2012

Jeffrey G. Pittell, Esq.
Maher & Pittell, LLP
299 East Shore Road
Great Neck, New York 11023

> Re: United States v. Timothy Laskaris
> Cr. No. 11 CR 0364 (DRH)

Dear Mr. Pittell:

As discussed, I write to memorialize the offer made to defendant Laskaris to plead guilty to Count Two which carries a 10-year mandatory minimum, rather than Count One, which carries a 15-year mandatory minimum. Such a disposition would satisfy any charges pending in this district based upon the information now known to the government. The government will keep this offer open for a period of 60 days from the date of this letter.

Pursuant to Missouri v. Frye, ___ S. Ct. ___, 2012 WL 932020 (U.S. 2012) and Lafler v. Cooper, ___ S. Ct. ___ 2012 WL 932019 (U.S. 2012), we request that you have defendant Laskaris sign below to acknowledge receipt of this offer.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: _____
Allen L. Bode
Assistant U.S. Attorney
(631) 715-7828

Receipt acknowledged:

_____
Timothy Laskaris

DMJ:ALB
F.#2011R00751

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TIMOTHY LASKARIS,
     also known as "Timgreek1234"
     and "Timgreek@excite.com,"

           Defendant.

- - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

11 CR 364 (DRH)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and TIMOTHY LASKARIS (the "defendant") agree to the following:

        1. The defendant will plead guilty to Count Two of the above-captioned indictment (the "Indictment"), charging a violation of 18 U.S.C. § 2422(b). The count carries the following statutory penalties:

          a. Maximum term of imprisonment: Life
            (18 U.S.C. § 2422(b)).

          b. Minimum term of imprisonment: 10 years
            (18 U.S.C. § 2422(b)).

          c. Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 3 years without credit for pre-release imprisonment or time previously served on post-release supervision; if defendant commits any criminal

U.S.A. v. Timothy Michael Laskaris

Docket #: 0207 2:11CR00364-001

Sentence Date: October 10, 2014

## U.S. PROBATION DEPARTMENT SENTENCE RECOMMENDATION

**10 years custody (statutory minimum); and 10 years supervised release, with the following special conditions:**

1) The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment.

2) The defendant shall not have contact with the victim; this means that he shall not attempt to meet in person, communicate by letter, telephone, email, the Internet, or through a third party, without the knowledge and permission of the Probation Department.

3) The defendant will not associate with any child(ren) under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department.

4) If the defendant cohabitates with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of 18, unless a responsible adult is present.

5) The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6) The defendant shall comply with the sex offender registration requirements mandated by law.

**Bureau of Prisons**  
**Psychology Services**  
**Non-Residental DAP**

\*\*SENSITIVE BUT UNCLASSIFIED\*\*

| | | |
|---|---|---|
| **Inmate Name:** LASKARIS, TIMOTHY | | **Reg #:** 79229-053 |
| **Date of Birth:** 03/01/1951  **Sex:** M | **Race:** WHITE | **Facility:** ALF |
| **Open Date:** 05/19/2016  **Closed Date:** 09/13/2016 | **Status:** Complete | **Discussed:** Yes |

**PGI Title:** Overall Progress  
  **Status:** Complete   **Last Updated:** 09/13/2016   **Last Provider:** Brown, Johnathon DTS  
  **Problem:** I have led a disordered lifestyle that has had a negative impact on many aspects of my life so I have volunteered to participate in this treatment program to help me address my specific problems.  
  **Goal:** Incorporate the principles and techniques of this treatment program to address my thinking errors and modify my problematic behaviors.  
  **Interventions:** Full program participation as directed and reviewed by my clinical team.  
  **Progress Notes:**

  Understands concepts and demonstrates behavior(s) indicative of treatment progress   **Date:** 09/13/2016   **Provider:** Brown, Johnathon DTS  
  Understands concepts and demonstrates behavior(s) indicative of treatment progress   **Date:** 07/13/2016   **Provider:** Brown, Johnathon DTS  

  Mr. LASKARIS has been working on his treatment recovery for the past 70 days by participating in the Non-Residential Drug Treatment Program. He began on 05-04-2016 and has been meeting one time per week with his group. He understands the consent to treatment and is compliant with the rules and confidentiality of the program. Mr. LASKARIS demonstrates appropriate and average group interaction. He appears fairly motivated and displays an average willingness to participate verbally. He has shown marked improvement with accepting feedback from peers and facilitator. He has provided and shared insightful and well prepared written assignments to the group. Mr. LASKARIS will continue to examine his thinking errors and irrational beliefs which have led him to make negative choices. He continues to gain insight on the correlation between his criminal activity and drug use. He has been completing his treatment activities in a timely manner.

**PGI Title:** Substance Abuse  
  **Status:** Complete   **Last Updated:** 09/13/2016   **Last Provider:** Brown, Johnathon DTS  
  **Problem:** I have a problem with abusing substances. This abuse has affected my ability to make rational healthy decisions with my behaviors. Specifically, my substance use has negatively impacted my interpersonal relationships and contributed to dangerous risk taking behaviors.  
  **Goal:** Lead a drug-free lifestyle, utilizing healthy coping mechanisms to manage my impulsive decision making, my personal relationships with family, relapse triggers and engage in physically and emotionally healthy leisure activities.  
  **Interventions:** - I will conduct weekly Attitude Checks on honesty, humility and responsibility. I will present one of these Attitude Checks in my NR group when requested.

  - I will develop a measurable and behavioral plan to enhance my sense of meaning and purpose in life in a healthy manner. I will present this plan to my NR group.

  -I learn and practice the 10 Strategies for Change.

  -I will create a Readiness Statement and share this publicly with the group, in order to demonstrate my commitment to living a drug free lifestyle and to correcting my criminal thinking errors.

  **Progress Notes:**

  Understands concepts and demonstrates behavior(s) indicative of treatment progress   **Date:** 09/13/2016   **Provider:** Brown, Johnathon DTS  
  Understands concepts and demonstrates behavior(s) indicative of treatment progress   **Date:** 07/13/2016   **Provider:** Brown, Johnathon DTS  

  Mr. LASKARIS has shared with honesty and insight his history of substance abuse related problems that have negatively impacted many aspects of his life. Mr. LASKARIS has completed and shared his readiness statement and

| | | | |
|---|---|---|---|
| Inmate Name: LASKARIS, TIMOTHY | | Reg #: 79229-053 | |
| Date of Birth: 03/01/1951 | Sex: M | Race: WHITE | Facility: ALF |
| Open Date: 05/19/2016 | Closed Date: 09/13/2016 | Status: Complete | Discussed: Yes |

was receptive to group feedback. He has demonstrated a basic working knowledge of the ABC/RSA models. Mr. LASKARIS will need to continue to increase his level of awareness of his problems related to substance use and increase his level of cognitive skills in order to remain drug free after my release to the community.

**PGI Title:** Irresponsible Behavior
**Status:** Complete  **Last Updated:** 09/13/2016  **Last Provider:** Brown, Johnathon DTS
**Problem:** My life has followed a pattern of irresponsible behavior including putting my wants before other people's needs and taking advantage of others. Specifically, poor and impulsive decision making has led to long term negative consequences in my adult life both socially and legally.
**Goal:** Engage in prosocial behavior such as adherence to my treatment plan and my unit team's recommendations, participation in the Financial Responsibility Program, favorable work evaluations, maintaining clear conduct, acceptance for my incarceration, and arriving early to my groups and call-outs.
**Interventions:** - I will willingly accept feedback and interventions from my peers and staff should I elect to associate with other inmates whose lifestyles are incompatible with my expressed desire to live a pro-social and drug free lifestyle.

- I will write a Statement of Responsibility and present it to my group for feedback.

-I will learn the steps of a RSA (Rational Self-Analysis), i.e., Camera check, Rational challenge and Desired Consequences and utilize this model on an ongoing basis.

**Progress Notes:**

Understands concepts and demonstrates behavior(s) indicative of treatment progress  **Date:** 09/13/2016  **Provider:** Brown, Johnathon DTS
Understands concepts and demonstrates behavior(s) indicative of treatment progress  **Date:** 07/13/2016  **Provider:** Brown, Johnathon DTS
   Mr. LASKARIS has demonstrated a working knowledge of the 5 rules for rational thinking. He continues to learn and utilize the steps of the RSA process with his decision making skills. Mr. LASKARIS will continue to examine his irrational thinking errors and his irresponsible behaviors which have led to long term negative consequences. He continues to gain insight on the correlation between his irresponsible behaviors and negative consequences.

**PGI Title:** Release Transition
**Status:** Complete  **Last Updated:** 09/13/2016  **Last Provider:** Brown, Johnathon DTS
**Problem:** I lack a comprehensive and rational plan for my transition to society.
**Goal:** Establish a realistic and meaningful plan to maximize my successful reentry into my community.
**Interventions:** - I will identify at least 3 sources of support (e.g., emotional support, resources) available to me as I transition to the community and develop a realistic plan for how I will utilize these sources.

- I will locate 2 sources of potential work for after my release. Working with my family and friends if needed, I will connect with at least one of these sources before I complete the program.

- I will identify 3 irrational expectations regarding a key issue of transition. I will develop a plan to replace these expectations with realistic expectations. I will present my more realistic expectations to my group.

-I will complete a Recovery Maintenance Plan and be prepared to talk about my plan with the group.

-I will evaluate and apply the Four Core Skills to myself, my relationships and my future plans as well be willing to discuss this in group.

**Progress Notes:**

Understands concepts and demonstrates behavior(s) indicative of treatment progress  **Date:** 09/13/2016  **Provider:** Brown, Johnathon DTS
   Mr. LASKARIS was able to complete all of his treatment activities in this target area prior to the completion of the program.

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** | LASKARIS, TIMOTHY | | **Reg #:** | 79229-053 |
| **Date of Birth:** | 03/01/1951 | **Sex:** M | **Race:** WHITE | **Facility:** ALF |
| **Open Date:** | 05/19/2016 | **Closed Date:** 09/13/2016 | **Status:** Complete | **Discussed:** Yes |

Displays conceptual understanding only      **Date:** 07/13/2016  **Provider:** Brown, Johnathon DTS

Mr. LASKARIS has expressed verbally his strong desire to return to the community and lead a pro social lifestyle. Mr. LASKARIS has identified sources of positive support and has shared some realistic future employment options. He will need to develop and share with the group his viable relapse/recovery prevention plan prior to the completion of the program.

**Comments:**

Mr. LASKARIS successfully completed the NR DAP on 09-07-2016. He was consistent with his participation and group interactions in a positive and productive manner. He was able to complete all of his treatment activities in a timely and meaningful manner. Mr. LASKARIS will receive the full incentive award for his completion of the program.

# Bureau of Prisons
# Psychology Services
# Group Participation

**SENSITIVE BUT UNCLASSIFIED**

| | | | | |
|---|---|---|---|---|
| Inmate Name: | LASKARIS, TIMOTHY | | Reg #: | 79229-053 |
| Date of Birth: | 03/01/1951 | Sex: M | Facilitator: | (P)Brown, Johnathon DTS |
| Date: | 08/31/2015 | Group Facility: ALF | Group Title: | [241] Drug Education Program |

**Status:** Completed
**Enroll Date:** 08/31/2015   **End Date:** 10/26/2015
**Total Hours:** 13.0

## SESSION DATA:

**Number of Sessions:** 7   **First Session Date:** 08/31/2015   **Last Session Date:** 10/26/2015

| Date | Title | Duration | Attendance | Participation | Homework |
|---|---|---|---|---|---|
| 10/26/2015 | Session-7 | 120 | Complete Session | Not Apply | Not Apply |
| 10/20/2015 | Session-6 | 120 | Complete Session | Not Apply | Not Apply |
| 10/05/2015 | Session-5 | 120 | Complete Session | Not Apply | Not Apply |
| 09/28/2015 | Session-4 | 120 | Complete Session | Not Apply | Not Apply |
| 09/21/2015 | Session-3 | 120 | Complete Session | Not Apply | Not Apply |
| 09/15/2015 | Session-2 | 120 | Complete Session | Not Apply | Not Apply |
| 08/31/2015 | Session-1 | 60 | Complete Session | Not Apply | Not Apply |

| Attendance | | Participation | | Homework | |
|---|---|---|---|---|---|
| Complete Session Present | 100.0 % | Good | 0.0 % | Not Apply | 100.0 % |
| Incomplete Session Excused | 0.0 % | Fair | 0.0 % | Satisfactory | 0.0 % |
| Incomplete Session Not Excused | 0.0 % | Poor | 0.0 % | Unsatisfactory | 0.0 % |
| Absent Excused | 0.0 % | Not Apply | 100.0 % | | |
| Absent Not Excused | 0.0 % | | | | |

## TEST DATA:

| Date | Title | Type | Score |
|---|---|---|---|
| 10/26/2015 | Test | Posttest | 100 |

# Bureau of Prisons
# Psychology Services
# Group Participation

**SENSITIVE BUT UNCLASSIFIED**

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** LASKARIS, TIMOTHY | | | **Reg #:** | 79229-053 |
| **Date of Birth:** 03/01/1951 | **Sex:** M | **Facilitator:** | (P)Brown, Johnathon DTS | |
| **Date:** 05/04/2016 | **Group Facility:** ALF | **Group Title:** | [318] Non-Res #2 | |

**Status:** Completed
**Enroll Date:** 05/04/2016    **End Date:** 09/12/2016
**Total Hours:** 32.0

## SESSION DATA:

**Number of Sessions:** 19    **First Session Date:** 05/04/2016    **Last Session Date:** 09/12/2016

| Date | Title | Duration | Attendance | Participation | Homework |
|---|---|---|---|---|---|
| 09/12/2016 | Session-19 | 120 | Complete Session | Good | Satisfactory |
| 09/07/2016 | Session-18 | 0 | Incomplete Session | Not Apply | Not Apply |
| 08/31/2016 | Session-17 | 120 | Complete Session | Good | Satisfactory |
| 08/24/2016 | Session-16 | 120 | Complete Session | Good | Satisfactory |
| 08/17/2016 | Session-15 | 120 | Complete Session | Good | Satisfactory |
| 08/10/2016 | Session-14 | 0 | Incomplete Session | Not Apply | Not Apply |
| 08/03/2016 | Session-13 | 120 | Complete Session | Good | Satisfactory |
| 07/27/2016 | Session-12 | 0 | Incomplete Session | Not Apply | Not Apply |
| 07/20/2016 | Session-11 | 120 | Complete Session | Good | Satisfactory |
| 07/13/2016 | Session-10 | 120 | Complete Session | Good | Satisfactory |
| 07/06/2016 | Session-9 | 120 | Complete Session | Good | Satisfactory |
| 06/22/2016 | Session-8 | 120 | Complete Session | Good | Satisfactory |
| 06/17/2016 | Session-7 | 120 | Complete Session | Good | Satisfactory |
| 06/08/2016 | Session-6 | 120 | Complete Session | Good | Satisfactory |
| 06/01/2016 | Session-5 | 120 | Complete Session | Good | Satisfactory |
| 05/25/2016 | Session-4 | 120 | Complete Session | Good | Satisfactory |
| 05/18/2016 | Session-3 | 120 | Complete Session | Good | Satisfactory |
| 05/11/2016 | Session-2 | 120 | Complete Session | Good | Satisfactory |
| 05/04/2016 | Session-1 | 120 | Complete Session | Good | Satisfactory |

| **Attendance** | | **Participation** | | **Homework** | |
|---|---|---|---|---|---|
| Complete Session Present | 84.2 % | Good | 84.2 % | Not Apply | 15.8 % |
| Incomplete Session Excused | 15.8 % | Fair | 0.0 % | Satisfactory | 84.2 % |
| Incomplete Session Not Excused | 0.0 % | Poor | 0.0 % | Unsatisfactory | 0.0 % |
| Absent Excused | 0.0 % | Not Apply | 15.8 % | | |
| Absent Not Excused | 0.0 % | | | | |

```
ALFEW           *       INMATE EDUCATION DATA       *    06-26-2017
PAGE 001 OF 001 *            TRANSCRIPT             *    19:51:14

REGISTER NO: 79229-053    NAME..: LASKARIS              FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: ALF-ALLENWOOD LOW FCI

-------------------------- EDUCATION INFORMATION ---------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
ALF  ESL HAS    ENGLISH PROFICIENT       06-08-2015 1039 CURRENT
ALF  GED HAS    COMPLETED GED OR HS DIPLOMA  04-17-2015 1329 CURRENT

--------------------------- EDUCATION COURSES -----------------------------
SUB-FACL   DESCRIPTION                   START DATE  STOP DATE EVNT AC LV HRS
ALF        BEGINNERS SPINNING            05-22-2017  CURRENT
ALF        RPP(1)- FITNESS IN MY FUTURE  02-15-2017  02-15-2017  P  C  P   1
ALF        BEGINNERS SPINNING            03-07-2017  04-29-2017  P  C  P   4
ALF        REENTRY FITNESS EDUCATION     02-15-2017  02-15-2017  P  C  P   1
ALF        EDC CARE 2&3 BENEFITS EXERCISE 11-07-2016 11-07-2016  P  C  P   1
ALF        RPP(6)- VICTIM IMPACT         09-21-2016  10-12-2016  P  C  P  20
ALF        NON-RESIDENTIAL DRUG PRG      05-04-2016  09-07-2016  P  C  P  34
ALF        MENTORING GROUP               07-14-2016  08-18-2016  P  C  P   6
ALF        BEGINNERS SPINNING            05-05-2016  06-30-2016  P  C  P   4
ALF        RUNNING                       04-18-2016  06-10-2016  P  C  P   2
ALF        WELLNESS LTIME FITNESS YOGA 1 01-19-2016  03-11-2016  P  C  P   2
ALF        SILVER FITNESS/OVER 59        11-02-2015  02-11-2016  P  C  P   2
ALF        RPP(6)- (15)HOUR DRG PGM      08-31-2015  10-26-2015  P  C  P  13


G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

1-cr-00364-DRH-AKT Document 64 Filed 07/24/17 Page 17 of 18 Page

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Judge Denis R. Hurley
US District Ct., EDNY
100 Federal PLZ
Central Islip, N.Y. 11722

9590 9402 2456 6249 9058 13

2. Article Number *(Transfer from service label)*

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**Other Orders/Judgments**
2:11-cr-00364-DRH-AKT USA v. Laskaris **CASE CLOSED** on 03/03/2015

MAG



## U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 6/22/2017 at 9:46 AM EDT and filed on 6/22/2017
**Case Name:**     USA v. Laskaris
**Case Number:**   <u>2:11-cr-00364-DRH-AKT</u>
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER as to Timothy Laskaris: Defendant may file a reply in further support of his motion pursuant to 28 USC 2255 on or before August 1, 2017. A copy of this order is being mailed to defendant by Chambers. Ordered by Judge Denis R. Hurley on 6/22/2017. (Gapinski, Michele)**

**2:11-cr-00364-DRH-AKT-1 Notice has been electronically mailed to:**

Jeffrey G. Pittell    jp@jpittell.com

Allen Lee Bode    allen.bode@usdoj.gov, caseview.ecf@usdoj.gov, usanye-crdocket@usdoj.gov

Bonnie L. Kane    bonnie.kane@usdoj.gov

**2:11-cr-00364-DRH-AKT-1 Notice will not be electronically mailed to:**