UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

TIMOTHY M. LASKARIS,

                Defendant.
--------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CR-364    (DRH)
16-CV-7207

**HURLEY, Senior District Judge:**

Defendant Timothy Laskaris ("Defendant") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from a 2015 conviction. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

Defendant seeks to challenge a judgment entered following a plea of guilty pursuant to a written plea agreement convicting him of one count of violating 18 U.S.C. § 2422(b).

Defendant was indicted on May 12, 2011 and charged with one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251, one count of coercion and enticement in violation of 18 U.S.C. § 2422(b), and one count of distribution of child pornography in violation of 18 U.S.C. § 2252.

On November 4, 2013, he pled guilty before Magistrate Judge A. Kathleen Tomlinson to one count of coercion and enticement pursuant to a plea agreement. Under the terms of the plea agreement, defendant agreed not to file an appeal or otherwise challenge the conviction or sentence in the event a sentence of 235 months or less was imposed. During the course of the plea, Defendant confirmed his understanding of this waiver. (*See* DE 56 (Feb. 23, 2015 Transcript) at 11-12.)

On March 3, 2015, the Court accepted the plea and sentenced Defendant to 180 months

The present motion was filed on December 15, 2016. In it, Defendant asserts the following bases for relief: (1) he was told by his attorney that he would receive the mandatory minimum of ten years as it was his first offense and that his crime was not of a violent nature; (2) the Pre-Sentence Report ("PSR") "contained numerous errors"; and (3) "the sentence imposed, 15 years, was far greater that the mandatory minimum I was told I would get." (DE 61 at 4, 7 9.)

## DISCUSSION

**I.      TIMELINESS**

The statute of limitations on a motion pursuant to 28 U.S.C. § 2255 is one year. This one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 225(f)

Judgment in this case was entered in March 3, 2015. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), movant had 14 days from the date that the criminal judgment against him was entered to file a notice of appeal. An unappealed federal criminal judgment becomes "final" for purposes of 28 U.S.C. § 2255(f)(1) the day after the time for filing a direct appeal expires. *Wims v. United* States, 225 F.3d 186, 188 (2d Cir. 2000). The present motion was filed on December 15, 2016, approximately nine months after the one year statute of limitations had expired.

Defendant attempts to avoid the time bar by asserting that it was not until recently that he found out that his crime was considered violent. (DE 61 at p. 13.) His argument is unavailing.

Firstly, with respect to his claims that he was told that he would receive the mandatory minimum, that the PSR contained errors, and that the sentence exceed the mandatory minimum, he would be aware of those claims on the date of sentence. To the extent he is attempting to raise an ineffective assistance of counsel claim based on the foregoing assertions, he would have been aware of such a claim on that date as well. Secondly, he complains only of collateral consequences, i.e., the loss of rehabilitative privileges, gate pass duty, credit for certain programs, but provides no explanation as to why he could not have discovered these consequences sooner.

Accordingly, the motion is untimely and must be denied.

## II.   WAIVER

It is well settled that "[i]n no circumstance . . . may a defendant, who has secured the benefit of a plea agreement and knowingly waived the right to appeal a certain sentence then appeal the merits of the sentence conforming to the agreement." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). Similarly, a defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may not then collaterally attack the sentence conforming to the agreement. *Garcia-Santos v. United States*, 273 F.3d 506 (2d Cir. 2001). *See also United States v. Haynes*, 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan*, 406 F.3d 135 (2005); *United States v. Monzon*, 359 F.3d 110 (2d Cir. 2004); *United States v. Yemitan*, 70 F.3d 746, 747-48 (2d Cir. 1995). The Second Circuit has held, however, that "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured, here, the

plea agreement." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). The waiver is unenforceable only if the defendant has a "meritorious" claim that "the waiver was the result of ineffective assistance of counsel." *Monzon*, 359 F.3d at 118-19; *accord, e.g., Brown v. United States*, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009); *Deloir v. United States*, 2009 WL 1883263, at *2 (S.D.N.Y. June 30, 2009): *Marulanda v. United States*, 2009 WL 1546315, at *2 (E.D.N.Y. June 2, 2009); *Reyes v. United States*, 2009 WL 928284, at *2 (S.D.N.Y. Mar. 27, 2009) ("A defendant's waiver of his right to bring a petition pursuant to Section 2255 is unenforceable where defendant was denied effective assistance of counsel in connection with the negotiation and execution of the agreement containing the waiver."); *Concepcion-Baez v. United States*, 2009 WL 765045, at *1 (E.D.N.Y. Mar. 23, 2009); *Antonucci v. United States*, 2009 WL 185996, at *3; *Fuller v. United States*, 2008 WL 4614998, at *1 (E.D.N.Y. Oct. 15, 2008).

"[W]ith respect to claims of ineffective assistance of counsel that are limited to post-plea events (e.g., sentencing), however, the waiver remains enforceable." *Marulanda v. United States*, 2009 WL 1546315, at *2; *accord, Garcia-Santos*, 273 F.3d at 508-09; *Ceballos v. United States*, 2010 WL 3189907, at * 2 (E.D.N.Y. Aug. 9, 2010); *Concepcion-Baez*, 2009 WL 765045 at *1 ("a valid waiver will be upheld against a challenge to the correctness of a sentence."); *Castellanos v. United States*, 2008 WL 4548916, at *3, 5 (S.D.N.Y. Oct. 8, 2008); *Wall v. United States*, 2008 WL 3049948, at *1 (N.D.N.Y. Aug. 1, 2008) (" '[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver because ... [they] relate[ ] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself.' ") (citation omitted) (alterations in original).

Here, as set forth above, Laskaris received specific notice of his waiver of the right to appeal and the effect of his waiver on his right to file a § 2255 motion. He knowingly and voluntarily waived his right to appeal or challenge his sentence. To the extent he claims that the pre-sentence report contained numerous error affecting his sentence and/or that counsel was ineffective for failing to address the alleged errors, the claim is barred by his plea agreement to waive collateral attack of a sentence of 235 months or below.[1]

## III.   THE MERITS

During the course of his plea, Defendant affirmed to Judge Tomlinson that he understood the sentencing guidelines were advisory and that the Court must consider the statutory reasons for sentencing and then determine what is reasonable and that if the sentence imposed was more severe than what he expected, he would still be bound by his guilty plea. (DE 56 at 19-20.)   He also affirmed that no one made him any promises as to what his sentence would be. (*Id*. at 21.) In view of the foregoing, his current claims regarding his counsel's alleged statements regarding his sentence are without merit. His bare allegations as to the representations that his counsel made to him cannot overcome his statements under oath during his plea allocution, which "carry a strong presumption of verity." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013); *see also United States v. Hernandez,* 242 F.3d 110, 112 (2d Cir. 2001) (per curiam). Moreover, the written documents he relies upon do not contain any representation that his sentence would be ten years. (*See* DE 64 at pp. 8-9.) In fact, the plea agreement specifically states that the penalty range is a ten minimum to life as a maximum. (*See*. *id*. at p. 9.) Finally, to the extent he is claiming ineffective assistance of counsel. he has not sustained his burden of demonstrating "a reasonable probability that, but for, counsel's errors, he would not

---

[1]   The court also finds that the claims lack merit as the alleged errors were addressed at sentencing.

have pleaded guilty and would have insisted on going to trial." *Hill v. A.L. Lockhart*, 474 U.S. 52, 59 (1985); *accord Premo v. Moore*, 562 115,131-32 (2011).

With respect to his claim that he was misinformed as to the violent nature of his crime, the collateral consequences of that designation do not provide a basis for collateral relief under 28 U.S.C. § 2255. (*Djeme v. United States*, 2018 WL 3094914 (June 21, 2018) ("Collateral relief under 28 U.S.C. § 2255 is available 'only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting *United States v. Bokun*, 72 F.3d 8, 12 (2d Cir. 1995). )

Finally, the alleged errors in the PSR were addressed at sentencing. (*See* , *e.g.*, Feb. 24, 2015 Tr. at 13-14, 21, 26.)

## CONCLUSION

For the reasons set forth above, defendant's motion pursuant to 28 U.S.C. § 2225 is denied. Pursuant to Fed. R. App. 22(b) and 28 U.S.C. § 2253(c)(2) a certificate of appealability is denied as Defendant has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of Court is directed to mail a copy of this Order to Defendant and to close Civil Case No. 16-7207.

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
      September 28, 2018                Denis R. Hurley
                                                        United States District Judge