UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>-v-<br><br>Timothy Laskaris,<br><br>Defendant. | 2:11-cr-364 (NJC) (AKT)<br><br>SEALED |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is Defendant Timothy Laskaris' sealed Motion for Early Termination ("Motion") of his ten-year term of supervised release, which began in September 2022 and is due to end in September 2032. (Mot. Early Termination ("Mot."), ECF No. 68; Opp'n Mot. Early Termination ("Opp'n"), ECF No. 71; Reply Supp. Mot. Early Termination ("Reply"), ECF No. 72; Laskaris Suppl. Ltr., ECF No. 73; U.S. Suppl. Ltr., ECF No. 74.)[1] For the reasons stated in this Order, the Court grants the request, and Laskaris' term of supervised release is terminated.

## LEGAL STANDARD

18 U.S.C. § 3583(e) ("Section 3583(e)") provides, in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

---

[1] Laskaris' Motion for Early Termination, the government's opposition to the Motion, Laskaris' reply, and the parties' supplemental letters addressing questions raised by the Court at oral argument on May 23, 2025 were all filed under seal.

18 U.S.C. § 3583(e)(1); *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release . . . , a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.").[2] In determining whether early termination is appropriate, courts must consider eight of the sentencing factors laid out in 18 U.S.C. § 3553(a), which are specifically referenced in Section 3583(e):

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

(2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," *id*. § 3553(a)(2)(B);

(3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(C);

(4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id*. § 3553(a)(2)(D);

(5) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines," *id*. § 3553(a)(4);

(6) "any pertinent policy statement . . . issued by the Sentencing Commission," *id*. § 3553(a)(5);

(7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id*. § 3553(a)(6); and

(8) "the need to provide restitution to any victims of the offense," *id*. § 3553(a)(7).

Although the court must consider all of these factors, it need not "make specific findings of fact with respect to each of these factors"; "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (holding that modification of

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

supervised release terms "requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency").

Compliance with the terms of supervised release alone is not sufficient to justify early termination of supervised release. *See United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *see also United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination. In addition, obtaining productive employment, while laudable, does not justify the termination of supervision."). Rather, Section 3583(e)(1) authorizes courts to terminate a term of supervised release "only when general punishment goals would be better served by a modification." *Lussier*, 104 F.3d at 35.

## DISCUSSION

I have fully considered each of the above-referenced sentencing factors, Laskaris' conduct, general punishment goals, and the interests of justice, and conclude that early termination of Laskaris' term of supervised release is warranted.

Of particular relevance here is "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Relating to this factor, in May 2024—more than one year ago—Laskaris was diagnosed with "recurrent metastatic colon cancer" and informed that patients with this type of advanced cancer have "an average survival of 23 months." (Laskaris Aff. ¶ 20, ECF No. 68-1 at 93–96; Katherin Mullins, MD Ltr., ECF No. 68-1 at 97.) Laskaris seeks early termination of his supervised release primarily so that he can

relocate to Buffalo, New York to live in a retirement community or assisted living facility near his sister, Cindy Mahoney, who "suffered a stroke several years ago" and whom Laskaris intends to assist by, among other things, "help[ing] her around the house" and "cooking for her." (Laskaris Aff. ¶ 14; Mahoney Ltr., ECF No. 68-1 at 103.) Laskaris speaks on the phone with his sister "almost daily." (Laskaris Aff. ¶ 14.) Paul Mahoney, Lasarkis' brother-in-law, has submitted a letter informing the Court of his view that Laskaris "has taken full responsibility for his actions" and representing that, if Laskaris is permitted to relocate to Buffalo, he intends to "bring [Laskaris] . . . to visit his sister and let him do some minor chores to give him a sense of purpose." (Mahoney Ltr.) Laskaris recently applied for residence in the St. Mary's Apartment complex in Williamsville, New York in the greater Buffalo metropolitan area, and he is "optimistic he will be accepted as he was provided with floor plans for three different units and directed to select his preference." (Laskaris Suppl. Ltr. at 3.)

It is undisputed that Laskaris is in his final years of life. His ability to relocate to Buffalo to be near his sister and her husband will facilitate his "medical care" and "other correctional treatment" in a more effective manner than would the current restrictions imposed by the terms of supervised release. 18 U.S.C. § 3553(a)(2)(D); *see also United States v. Kaplan*, No. 14-cr-226, 2021 WL 4521041, at *1, 3–4 (D.D.C. Oct. 4, 2021) (granting early termination of supervised release in sex offense case in part because the defendant had advanced prostate cancer and had committed to rehabilitative treatment). As detailed in his submissions, Laskaris has undertaken educational training and other correctional treatment since being indicted fourteen years ago and sentenced ten years ago, including by taking "as [many] educational courses as possible" during his nearly eleven years-long incarceration and consistently attending mental health treatment through the New York Mental Health Group after entering supervised release.

(Mot. at 2, 5; New York Mental Health Group Ltr., ECF No. 68-1 at 100.) Laskaris has adhered to all requirements of supervised release, including the requirements that he report to Probation as directed, participate in outpatient sex offender treatment and mental health counseling, avoid associating with unapproved minors, refrain from viewing pornography, comply with the Sex Offender Registration Act, and allow his residence and electronic devices to be searched by Probation. (Mot. at 3–4.; Opp'n at 2 ("Probation confirmed that the defendant has been compliant with the terms of his supervised release.").)[3]

Also relevant is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Laskaris pled guilty to one count of "entic[ing] and coerc[ing] an individual who had not attained the age of 18 years . . . to engage in sexual activity" in violation of 18 U.S.C. §§ 2422(b) and 3551, for conduct perpetrated in 2010. (Indictment at Count Two, ECF No. 1; Min. Entry, Feb. 24, 2015, ECF No. 58.) The conduct at issue is serious. Laskaris enticed a fourteen year-old to send him sexually explicit videos of herself and, even though he promised not to circulate them to others, he did precisely that. (Indictment at Count Two; Min. Entry, Nov. 4, 2013, ECF No. 49.) Based on the entire record before me, however, it is highly unlikely that Laskaris would commit a sex offense of this nature again for at least three reasons related to his history and characteristics.

First, Laskaris is now 74 years old and in extremely poor health. (Mot. at 2.) As Laskaris and his doctors have represented, his terminal cancer and cancer medications have "rendered him impotent." (Laskaris Suppl. Ltr. at 2; *see also* Laskaris Aff. ¶ 23 ("My cancer and treatment have

---

[3] Although compliance with supervised release terms is insufficient alone to warrant early termination of supervised release, *Rusin*, 105 F. Supp. 3d at 292, the fact Laskaris has adhered to all terms of his supervised release is one factor considered along with the numerous other factors detailed in this Order.

eliminated my sex drive."); Katherine Mullins, MD Ltr. ("The cancer has impacted multiple facets of Mr. Laskaris' life and wellbeing, including a dramatic decrease in sex drive.").)

Second, in addition to suffering from terminal cancer, Laskaris has numerous other serious medical issues. (Laskaris Aff. ¶ 24 (attesting that he has "neuropathy, high blood pressure, and high cholesterol"); Katherine Mullins, MD Email, ECF No. 68-1 at 99 (email from Laskaris' physician stating that Laskaris has "severe knee osteoarthritis" and "uses assistive devices to walk").)

Third, Laskaris has accepted full responsibility for his actions and is committed to his rehabilitation as shown by the submissions of numerous people close to him, including family members, the pastor of his church, and friends. (Mahoney Ltr. ("Tim . . . has taken full responsibility for his actions."); Father Paisios Ltr., ECF No. 68-1 at 104–06 ("Timothy has not only repeatedly acknowledged his wrong doing in the crime for which he was incarcerated, but he has also continually asked for forgiveness during his many confessions."); David & Cynthia Silverstein Ltr., ECF No. 68-1 at 101 ("Tim has acknowledged that what he did was wrong and has accepted full responsibility for his actions."); Bertoni Ltr., ECF No. 68-1 at 102 ("During [visits to Laskaris in prison], as well as during meetings since his release, Tim has repeatedly accepted responsibility for and expressed his regret for his actions that resulted in his incarceration.").)

In opposing the termination of Laskaris' supervised release, the government focuses on the seriousness and nature of Laskaris' offense conduct. As discussed, I fully consider the egregiousness of Laskaris' conduct in committing the underlying the offense. The serious and deplorable nature of that conduct warranted the incarceration term to which Laskaris was sentenced as well as his sentence to supervised release on conditions that include the requirement

6

that he receive significant and consistent mental health and behavioral treatment. However, the government's arguments do not account for the fact that Laskaris' terminal cancer, serious medical conditions, and treatment for those conditions, as well as his significant progress toward rehabilitation, have significantly reduced the possibility that he will engage in similar conduct as he is nearing the end of his life. In this regard, it is notable that Probation does *not* oppose Laskaris' motion for the early termination of supervised release, in stark contrast to other cases involving similar facts. *See, e.g.*, *Kaplan*, 2021 WL 4521041, at *1 (granting early termination of supervised release for terminally ill defendant despite the probation department's opposition to the motion).

In its supplemental letter opposing termination of Laskaris' supervised release, the government attempts to distinguish *United States v. Mauldin*, No. 18-cr-371, 2020 WL 2840055 (D.D.C. June 1, 2020), and *United States v. Kaplan*, 2021 WL 4521041—two cases in which a federal district court terminated the supervised release sentences of individuals convicted of sex offenses in part because the individuals were terminally ill. In particular, the government argues: (1) that, at the time of termination, the defendants in those cases had served much longer terms of supervised release than Laskaris (ten years in *Mauldin* and seven years in *Kaplan*); and (2) that Laskaris' actions in this case were more "egregious" than the defendants' actions in *Mauldin* and *Kaplan*. (*See* U.S. Suppl. Ltr.)

The government's distinctions are unconvincing. First, as to the fact that Laskaris has served approximately two years and nine months of supervised release rather than seven or more years, Section 3583(e) does not counsel courts to consider the length of time served on supervised release when determining whether early termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). In fact, Section 3583(e)

specifically authorizes courts to terminate supervised release "*at any time* after the expiration of one year of supervised release." *Id*. § 3583(e)(1) (emphasis added). Regardless, as Laskaris notes in his supplemental letter, it has been approximately fourteen years since Laskaris was charged, which is longer than the time between when the defendants in *Mauldin* and *Kaplan* were charged and when the court terminated those defendants' supervised release. *Mauldin*, No. 18-cr-371 (D.D.C.), ECF Nos. 1-1, 11 (approximately twelve years between charges and early termination of supervised release); *Kaplan*, No. 14-cr-226 (D.D.C.), ECF Nos. 1-1, 14 (approximately eleven years between charges and early termination of supervised release). During those fourteen years, Laskaris has undertaken significant efforts to rehabilitate himself.

      Second, as to the egregiousness of Laskaris' actions, as noted, I fully consider this factor in making my determination. Taking as true the government's claim that Laskaris' conduct was more egregious than the conduct at issue in *Mauldin* and *Kaplan*,[4] the government still inadequately accounts for other factors identified in Section 3583(e), including the history and characteristics of the defendant and the need for the sentence to promote adequate deterrence and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(2)(B), (C)). Consideration of all of these factors requires taking into account

---

[4] The government claims both (1) that Laskaris' conduct was "far more severe" than the conduct at issue in *Kaplan* and (2) that the conduct at issue in *Mauldin* was "far less egregious" than Laskaris' conduct. (Opp'n at 5; U.S. Suppl. Ltr. at 1–2.) The defendant in *Kaplan* pled guilty to a single count of possession of child pornography "after forensic examination of his computer found more than 10 and less than 20 images of child pornography." *Kaplan*, 2021 WL 4521041, at *1. The defendant in *Mauldin* also pled guilty to one count of possession of child pornography after admitting that he "used file sharing software to download images of child pornography," "joined five or six commercial child pornography websites, paying approximately $79 to each website he joined," and possessed approximately 30 videos and 100 images of child pornography. *Mauldin*, 2020 WL 2840055, at *1. I agree that Laskaris' conduct was more egregious, insofar as Laskaris coerced a minor to send him sexually explicit videos of herself and then distributed those videos, while the defendants in *Kaplan* and *Mauldin* did not have any direct interaction with minors.

the egregiousness of Laskaris' conduct along with the facts that Laskaris is in his last years of life, suffers from terminal cancer and other serious medical conditions, is unlikely to commit a similar offense again due to his illness and medications, and has made significant progress toward rehabilitation through ongoing mental health counseling and spiritual guidance. Further, this analysis requires taking into account Probation's lack of opposition to the early termination motion and the fact that Laskaris' lengthy sentence of incarceration will have a significant deterrent effect on others contemplating engaging in similar offense conduct.

Accordingly, I find that "general punishment goals would be better served" by the termination of Laskaris' supervised release. *See Lussier*, 104 F.3d at 35. I do not find that Laskaris serving the remainder of his term of supervised release is warranted "to provide [Laskaris] with needed educational or vocational training," 18 U.S.C. § 3553(a)(2)(D), to facilitate his correction, given that he is near the end of his life, is unlikely to engage again in conduct similar to the underlying offense conduct, has accepted responsibility for his actions, and has engaged in conduct demonstrating his commitment to rehabilitation.

## CONCLUSION

Defendant Timothy Laskaris' sealed Motion for Early Termination of his ten-year term of supervised release (ECF No. 68) is granted. Laskaris' supervised release is hereby terminated.

Dated: Central Islip, New York
June 25, 2025

                                                  */s/ Nusrat J. Choudhury*
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge